# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 22, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**HARRY FRANKS,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0316**  (BOR Appeal No. 2046352)
                              (Claim No. 2010112696)

**VERITAS CONTRACTING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Harry Franks, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Veritas Contracting, LLC, by George Roeder III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 16, 2012, in which the Board affirmed an August 11, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 17, 2010, decision granting Mr. Franks a 13% permanent partial disability award, and also affirmed the claims administrator's October 21, 2010, decision closing the claim for vocational rehabilitation services. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Franks was injured on October 31, 2009, when he fell from a ladder. X-rays taken the day of the accident revealed a compression fracture at L1. Following treatment, Mr. Franks participated in a work hardening program and a rehabilitation plan. On August 9, 2010, Dr. Emery, Mr. Franks's treating physician, authorized a trial return to work with Mr. Franks working modified duty for two weeks and then returning to full duty. After completing the work hardening program, Mr. Franks returned to work with his pre-injury employer on August 26,

1

2010. On June 17, 2010, the claims administrator granted Mr. Franks a 13% permanent partial disability award based on a March 16, 2010, independent medical evaluation performed by Dr. Koay. On October 21, 2010, the claims administrator closed the claim for vocational rehabilitation services.

In its Order affirming the June 17, 2010, and October 21, 2010, claims administrator's decisions, the Office of Judges held that Mr. Franks is entitled to a 13% permanent partial disability award for the October 31, 2009, injury, and further held that Mr. Franks has not demonstrated that he is entitled to additional vocational rehabilitation services. Mr. Franks disputes this finding and asserts that both his 13% permanent partial disability award and the termination of vocational rehabilitation benefits were premature, and argues that he is therefore entitled to an additional independent medical evaluation and continuing vocational rehabilitation benefits.

The Office of Judges found that there is no medical evidence of record to refute the 13% permanent partial disability award that was based on Dr. Koay's independent medical evaluation. The Office of Judges further found that Mr. Franks participated in a vocational rehabilitation plan pursuant to West Virginia Code § 23-4-9 (2005), and noted that his rehabilitation program included a return to work with restrictions on the length of his work days and temporary partial rehabilitation benefits. The Office of Judges then found that the claim was properly closed for vocational rehabilitation services because there is no medical or vocational evidence of record indicating that the rehabilitation plan should have been extended. The Board of Review reached the same reasoned conclusions in its decision of February 16, 2012, and it specifically denied Mr. Franks's request for a new independent medical evaluation. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 22, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum